## Jester v. Jester.

*Divorce — Libel — Affidavit to libel — Words — "Statements"—"Facts"— Motion to dismiss libel—Waiver.*

1. An affidavit to a libel in divorce which avers that the statements contained in the libel are true, sufficiently complies with the statute which prescribes that the affidavit shall be that the facts contained in the libel are true.

2. If, in such case, the affidavit contains the statutory requirements in substance, it is sufficient.

3. Where a libellant files a bill of particulars in compliance with a rule entered by the respondent, and the affidavit to the bill is in the phraseology of the requirement of the statute relating to the affidavit to the libel, the respondent cannot maintain a motion to dismiss because of any deficiency in the affidavit to the libel. Nor can he maintain such motion after answering the libel.

Motion to dismiss libel in divorce. C. P. Delaware Co., March T., 1924, No. 986.

*E. E. Weest,* for motion; *W. J. MacCarter,* contra.

BROOMALL, J., Nov. 17, 1924.—After a subpœna issued on April 23, 1924, and a return of *non est inventus,* an *alias* subpœna issued on June 4, 1924, and a return of service, a general appearance for respondent on July 28, 1924, a call for a bill of particulars by the respondent on July 28, 1924, a bill of particulars filed by libellant on Aug. 8, 1924, an application by libellant for counsel fees, costs and expenses, then the respondent, on Aug. 27, 1924, petitions the court for a dismissal of the libel because the affidavit attached to the libel does not comply with the act of assembly, in that it does not state that the facts contained in the petition or libel are true.

The affidavit to the petition and libel states "that the statements contained in the above libel are true."

The Statute of March 13, 1815, P. L. 150, prescribes that the affidavit shall be "that the facts contained in said petition or libel are true."

We have been referred to no authority requiring the affidavit to be in the precise words of the statute. Therefore, if the affidavit contains the statutory requirements in substance, it is sufficient. To say that a statement is true is the same as saying that the fact is true. Indeed, the former is better English. The latter is open to the criticisms that to say a fact is true is a tautological expression. We are of opinion that this affidavit substantially complies with the statute.

Moreover, this motion is too late after the respondent has required the libellant to file a bill of particulars. We note, too, that the affidavit to the bill of particulars is in the form that the facts contained therein are true.

Moreover, the respondent filed a general answer to the libel on Sept. 10, 1924. This is a waiver of his motion to dismiss.

For these reasons, the respondent's petition to dismiss libel is refused.

From A. B. Geary, Chester, Pa.